UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE WINGATE,<br><br>                              Plaintiff,<br><br>           -against-<br><br>ERNEST LOWERRE; COMMISSIONER MARTISCELLO; SUPERINTENDENT OF FIVE POINTS C.F.,<br><br>                              Defendants. | 24-CV-1412 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Five Points Correctional Facility, brings this action *pro se*. For the following reasons, this action is transferred to the United States District Court for the Western District of New York.

**DISCUSSION**

Under the general venue statute, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated his rights at Five Points Correctional Facility, which is in Seneca County, New York. He does not plead facts about the residence of any of the

defendants, and it is unclear if any defendant resides in this district. Because it is unknown where defendants reside, it is unclear whether venue is proper in this district under Section 1391(b)(1). Because the events giving rise to Plaintiff's claims occurred at Five Points Correctional Facility, which is in Seneca County, New York, and outside this district, venue is not proper in this district under Section 1391(b)(2).

Seneca County is in the Western District of New York. 28 U.S.C. § 112(d). Because Plaintiff's claims arose in Seneca County, venue is proper in the Western District of New York under Section 1391(b)(2).

Even if venue is proper in the district where a case is filed, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Transfer under Section 1404(a) appears to be appropriate in this case. The underlying events occurred at Five Points Correctional Facility, where Plaintiff is incarcerated, and it is reasonable to expect that all relevant documents and witnesses also would be in that district. The Western District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Western District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[1] A summons shall not issue from this Court. This order closes the case in this district.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 23, 2024
       New York, New York

                                                  /s/ Laura Taylor Swain
                                                         LAURA TAYLOR SWAIN
                                                 Chief United States District Judge

---

[1] Plaintiff did not submit an application to proceed *in forma pauperis* and prisoner authorization, nor did he pay the filing fees.